**FILED**
**Nov 18, 2020**
**02:45 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **STACEY ELMORE,** | ) | **Docket No. 2020-05-0361** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS GROUND,** | ) | **State File No. 25334-2020** |
| **Employer.** | ) | |
| | ) | |
| | ) | **Judge Dale Tipps** |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED BENEFITS

---

This case came before the Court on November 5, 2020, for an Expedited Hearing on whether Ms. Elmore is entitled to the spinal cord stimulator trial ordered by her authorized physician. For the reasons below, the Court holds Ms. Elmore is entitled to the requested benefits.

### History of Claim

Ms. Elmore injured her left foot while working for FedEx on November 27, 2018. FedEx accepted the claim and provided medical treatment and temporary disability benefits, which it continues to pay. Ms. Elmore's authorized podiatrist referred her to a pain specialist when she developed complex regional pain syndrome in her foot and leg, and Ms. Elmore began seeing Dr. Matthew Rupert.[1]

After treating Ms. Elmore for several months, Dr. Rupert recommended a spinal cord stimulator trial in February 2020. According to Ms. Elmore, that recommendation was denied by utilization review (UR). Counsel for both parties agreed that UR denied the recommended treatment because of missing lab work and that the Medical Director upheld

---

[1] Although FedEx provided a panel of pain doctors, Ms. Elmore testified that the adjuster selected Dr. Rupert as her authorized pain specialist. However, she is pleased with Dr. Rupert and wishes to continue treating with him. The parties stipulated that Dr. Rupert is an authorized treating physician.

the denial on appeal.

Dr. Rupert addressed the denial in a letter noting that the primary reason for the denial was a "lack of labs." He explained, "These labs would not be obtained until we had approval, otherwise they would likely need to be repeated." He concluded, "The patient fits all criteria for this service. These labs will be performed once approved and scheduled. Labs cannot be performed sooner as protocol states these must be current and within 30 days of the scheduled procedure."

Ms. Elmore requested that the Court order FedEx to provide the recommended trial. FedEx contended that this would be "putting the cart before the horse," as the labs must be performed before UR could grant approval. It asked the Court to deny Ms. Elmore's request.

**Findings of Fact and Conclusions of Law**

For the Court to grant Ms. Elmore's request, she must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). This requires the Court to examine whether she is likely to prove the medical necessity of the spinal cord stimulator trial.

The Workers' Compensation Law gives an employer the right to submit medical treatment recommended by the authorized treating physician to UR for "evaluation of the necessity, appropriateness, efficiency and quality of medical care services[.]" Tenn. Code Ann. § 50-6-102(20). The parties agree Dr. Rupert is an authorized physician. So, under Tennessee Code Annotated section 50-6-204(a)(3)(H), his recommendation for a spinal cord stimulator trial is presumed medically necessary. The question for the Court then is whether the UR denial is sufficient for FedEx to rebut this presumption.

The Appeals Board addressed this question in *Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39 (Aug. 31, 2016). It detailed two distinct methods by which FedEx might rebut the presumption of necessity of Dr. Rupert's treatment. First, if the treating physician's recommended treatment does not "explicitly follow," or if it is not "reasonably derived," from the ODG guidelines, the employer need only rebut the authorized physician's recommendation by a preponderance of the evidence. *Morgan*, at *19. Second, if the employee does establish that the authorized physician followed the ODG guidelines in recommending treatment, the employer must rebut the presumption of medical necessity by clear and convincing evidence. *Id.*

The parties offered no proof as to whether Dr. Rupert's recommendation "explicitly follows the treatment guidelines" or "is reasonably derived therefrom." Thus, the Court

2

can only consider whether the evidence rebutted the medical necessity of Dr. Rupert's recommendation for the stimulator trial by a preponderance of the evidence.

Rule 0800-02-06-.01(12) defines "medical necessity" as services that are "[i]n accordance with generally accepted standards of medical practice, including [the Bureau's] Treatment Guidelines." Therefore, to determine whether the stimulator trial is medically necessary, the Court must evaluate whether the recommended treatment falls within the ODG or otherwise meets a generally accepted standard of practice. The parties agreed that UR denied the claim because of a lack of labs. However, neither party moved the UR report or appeal into evidence. Similarly, they offered no proof addressing the ODG or standards of medical practice. Without that information, the Court is unable to evaluate whether Dr. Rupert's recommendation met those standards. The remaining question then is whether the mere existence of the UR denial overcomes the presumption of medical necessity.

This Court has "original and exclusive jurisdiction over all contested claims for workers' compensation benefits when the date of the alleged injury is on or after July 1, 2014." Tenn. Code Ann. § 50-6-237. Further, the Court has statutory authority under Tennessee Code Annotated section 50-6-238(a)(3) "to hear and determine claims for compensation, to approve settlements of claims for compensation, to conduct hearings, and to *make orders, decisions, and determinations*." (Emphasis added). Finally, Tennessee Code Annotated section 50-6-204(a)(3)(I) establishes the evidentiary standard for overcoming a treating physician's opinion regarding medical necessity. If the Court had no authority to hear issues of medical necessity, then a party would have no avenue to argue this evidentiary issue, and section 50-6-204(a)(3)(I) would be made meaningless.

Allowing the unexplained UR denial, without more, to overcome the presumption of medical necessity, would have the same effect. This would prevent the Court from applying the applicable standard of proof and making the determination in section 50-6-238(a)(3). In other words, it would limit the Court's jurisdiction in a manner inconsistent with the statute. For this reason, the Court holds that proof of the requirements of the ODG or the applicable standards of practice is necessary to overcome the presumption. As FedEx did not provide this proof, Dr. Rupert's recommendation is presumed medically necessary. Ms. Elmore therefore appears likely to prevail at trial in establishing that she is entitled to the recommended spinal cord stimulator trial.

**IT IS, THEREFORE, ORDERED** as follows:

1. FedEx shall provide Ms. Elmore with medical treatment made reasonably necessary by her November 27, 2018 injury, including the spinal cord simulator trial ordered by Dr. Rupert.

2. This case is set for a Status Hearing on March 31, 2021, at 9:00 a.m. Please call

toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compliance Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED November 18, 2020.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Stacey Elmore
2. Employee Exhibit List (with medical records)
3. Employee's Second Supplemental Exhibit List
4. Employee's Supplemental Exhibit List

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Statement of the Case

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on November 18, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Stephan Karr, Esq. Employee Attorney | | X | steve@flexerlaw.com |
| Byron Lindberg, Esq. Employer Attorney | | X | blindberg@hallboothsmith.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on _____ ☐ Other Order filed on _____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*